IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-804-BO

| | |
|---|---|
| LORETTA MCKENZIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 25]. A hearing on this matter was held in Raleigh, North Carolina on September 19, 2014 at 11:30 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On September 14, 2010, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, 1381–83f, and an application for supplemental security income under Title XVI of the Act. Plaintiff alleges disability beginning February 18, 2008, due to "severe cubital tunnel and elbows, and carpal tunnel in both arms and wrists. [Tr. 229]. Plaintiff's applications were denied initially and upon reconsideration. On July 16, 2012, plaintiff appeared and testified before an administrative law judge ("ALJ"). [Tr. 26–55. On August 28, 2012, the ALJ denied plaintiff's application. [Tr. 14–25]. The Appeals Council denied plaintiff's request for review rendering the

ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves

on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges that the ALJ erred by not properly evaluating the medical record and plaintiff's credibility resulting in an RFC finding that is not supported by substantial evidence. The ALJ found that plaintiff had an RFC to perform simple light work with frequent use of her hands for bilateral gross manipulation and occasional overhead reaching, occasional lifting and carrying of 20 pounds and frequent lifting and carrying of 10 pounds. [Tr. 19]. The ALJ then found based on vocational expert ("VE") testimony that plaintiff could perform jobs existing in significant numbers in the national economy and therefore plaintiff was not disabled. [Tr. 24].

Here, the ALJ's decision is not supported by substantial evidence. The ALJ erred in his credibility finding as plaintiff's testimony is in actuality supported by the objective medical evidence. Plaintiff complained of worsening finger and arm pain throughout 2008 and 2009. [Tr. 347-67, 549]. She stated that her left hand was as bad as her right, she could not lift over five pounds and that it affected her activities of daily living. [Tr. 39, 44–45]. The medical evidence supports her statements. In July, 2010 plaintiff underwent a nerve conduction study of both arms which revealed severe bilateral slowing of the ulnar nerve at the elbows, moderate slowing of the median nerve at the right wrist involving both sensory and motor fibers and mild slowing of the median nerve at the left wrist involving only the sensory fibers. [Tr. 591–92]. By October 2010, an occupational therapy exam revealed that she could only perform her activities of daily living with pain and difficulty, she was unable to push or pull and could not lift even 5 pounds with her right hand. [Tr. 606–07].

3

The ALJ also failed to mention or misinterpreted several important pieces of medical evidence in determining her RFC. He wrote that plaintiff's follow up records to her August 2010 surgery proved that she had gotten better. [Tr. 22]. However, as of September 2010, she was still having significant symptoms, in October 2010 her parasthesias were still present and she was unable to make a fist and she was unable to lift 5 pounds with her right hand. [Tr. 601, 603, 607]. In April 2011, she could only weakly pinch, grasp, and manipulate objects with both hands resulting in severe impairment in her ability to manipulate objects and lift them. [Tr. 614]. The evidence in the record makes it quite clear that plaintiff has not experienced significant improvement.

These errors by the ALJ substantially affected the RFC he found because he discounted the medical record which overwhelmingly supports plaintiff's testimony regarding the severe limitations in her ability to manipulate objects and lift them. Plaintiff's correct RFC as supported by the record should only allow her to use her hands occasionally and to not lift more than five pounds. This difficulty in using her hands is confirmed by the findings of Dr. McFarlane, the nerve conduction study, Dr. Cohan, her physical therapist, and plaintiff's own testimony. Therefore it is clear that the ALJ's determination that she could lift 10-20 pounds and can frequently use her hands to manipulate objects is unsupported by substantial evidence.

The VE at the hearing testified that if plaintiff were unable to lift more than 5 pounds and could only occasionally use her hands for both fine and gross manipulation, she would be disabled from working. [Tr. 53]. Because the Court finds that plaintiff's proper RFC would limit her to lifting no more than 5 pounds and to occasional use of her hands, the Court also finds that plaintiff would be disabled based on the VE testimony. Because the VE testified as to this possibility at the hearing there is no need to remand the matter for further consideration by the

4

Commissioner. *See Edwards v. Bowen*, 672 F. Supp. 230, 236 (E.D.N.C. 1987) (finding that the decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court"); *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987) (reversal without remand is appropriate where the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose). An award of benefits here is proper. Accordingly the decision of the Commissioner is reversed and the matter is remanded to the Agency for an award of benefits consistent with this order.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 24 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE